OPINION
{¶ 1} Appellant, Cohen Phillips, appeals from the November 27, 2006 judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, overruling his objections to the magistrate's decision and modifying his obligation of spousal support to appellee, Barbara J. Phillips. *Page 2 
 {¶ 2} The parties were married on August 19, 1968, and three children were born as issue of the marriage: Candace Phillips, d.o.b. June 26, 1976; Shaun Phillips, d.o.b. July 14, 1977; and Christopher Phillips, d.o.b. October 9, 1978.
 {¶ 3} On September 19, 1996, appellee filed a complaint for legal separation against appellant, as well as a motion for child support, spousal support, and temporary possession of the parties' minor child, Christopher Phillips. Appellant filed an answer on October 9, 1996, and a counterclaim on November 13, 1996. On December 6, 1996, appellee filed an answer to appellant's counterclaim, as well as a counterclaim.
 {¶ 4} On December 30, 1996, appellee filed a motion to amend her complaint for a legal separation to a complaint for divorce, which was granted by the trial court on January 3, 1997.
 {¶ 5} The parties were granted a divorce on January 22, 1998. Pursuant to paragraph five of the decree, appellant was ordered to pay spousal support to appellee as follows: "That the spousal support order shall continue in the amount of $1,350 per month, plus poundage for a period through June 1998 after which the support shall continue at the reduced amount of $1,250 * * * per month plus poundage. Said support shall terminate upon the death, remarriage [or] cohabitation of the Plaintiff wife, and shall be reviewed at the time of the defendants (sic) retirement."
 {¶ 6} On July 25, 2006, appellant filed a motion to terminate spousal support, indicating that he was retiring from his employment at General Motors ("GM").[1]
 {¶ 7} A hearing was held before the magistrate on October 26, 2006. *Page 3 
 {¶ 8} According to the magistrate's decision, appellant, post-retirement, had a combined income from his share of the GM pension benefits and social security in the amount of $2,879 per month. Appellee was employed at WalMart, where she earned approximately $650 per month, and planned on retiring at the end of 2006. Appellee's reasonable and necessary monthly expenses were $1,600 per month, and appellant's amounted to $2,300 per month. The magistrate determined that there was a substantial change in appellant's income due to his retirement which warranted a modification of his spousal support obligation to $300 per month, but not a termination due to the length of the marriage and the needs of appellee. The magistrate ordered that the obligation would terminate upon the death of either party or upon appellee's remarriage or cohabitation.
 {¶ 9} Appellant filed timely objections to the magistrate's decision on November 13, 2006.
 {¶ 10} Pursuant to its November 27, 2006 judgment entry, the trial court overruled appellant's objections and adopted the magistrate's decision. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:[2]
 {¶ 11} "[1.] The trial court abused its discretion in failing to retain jurisdiction to review or modify the indefinite spousal support upon a substantial change in the circumstances of either party.
 {¶ 12} "[2.] The trial court abused its discretion in its determination as to the amount of the order of spousal support." *Page 4 
 {¶ 13} In his first assignment of error, appellant argues that the trial court abused its discretion in failing to retain jurisdiction to review or modify the indefinite spousal support upon a substantial change in the circumstances of either party. He stresses that the November 27, 2006 judgment entry amounts to an indefinite award of spousal support with no ability for the court to adjust that award because it failed to reserve jurisdiction.
 {¶ 14} "We review a trial court's decision regarding spousal support under an abuse of discretion standard of review." Marchand v.Marchand, 11th Dist No. 2005-G-2610, 2006-Ohio-3080, at ¶ 15. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. State v. Ferranto (1925),112 Ohio St. 667, 676-678.
 {¶ 15} The authority of a trial court to modify a spousal support award after the issuance of a final divorce decree is governed by R.C.3105.18(E)(1), which provides in part:
 {¶ 16} "(E) * * * [I]f a continuing order for periodic payments of money as spousal support is entered in a divorce * * * that is determined on or after January 1, 1991, the court that enters the decree of divorce * * * does not have jurisdiction to modify the amount or terms of the * * * spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies: *Page 5 
 {¶ 17} "(1) In the case of a divorce, the decree * * * contains a provision specifically authorizing the court to modify the amount or terms of * * * spousal support."
 {¶ 18} In applying the second requirement for continuing jurisdiction under the statute, the Supreme Court of Ohio has indicated that any reservation of continuing jurisdiction must be expressly stated in the divorce decree in order for a trial court to properly consider any subsequent motion to modify. Kimble v. Kimble, 97 Ohio St.3d 424,2002-Ohio-6667, at ¶ 10.
 {¶ 19} In the case sub judice, again, paragraph five of the divorce decree stated that the spousal support order would continue in the amount of $1,350 per month through June 1998, then at the reduced rate of $1,250 per month, and terminate upon the death, remarriage, or cohabitation of appellee, and would be reviewed at the time of appellant's retirement. The following language was included at the end of the decree: "ALL OF THIS UNTIL FURTHER ORDER OF THE COURT." Accordingly, the trial court retained jurisdiction to modify spousal support upon the occurrence of appellant's retirement. See, generally,Nastasi v. Nastasi (May 10, 1996), 11th Dist. No. 95-T-5223, 1996 Ohio App. LEXIS 1892, at 10 (holding that the language "`all of this until further Order of the Court'" in a divorce decree reserves jurisdiction to modify spousal support.)
 {¶ 20} Appellant filed a motion to terminate spousal support when he retired from GM, and a hearing was held before the magistrate. The magistrate determined that there was a substantial change in appellant's income due to his retirement which warranted a modification of his spousal support obligation to $300 per month, but not a termination due to the length of the marriage and the needs of appellee. The trial court *Page 6 
adopted the magistrate's decision. In its November 27, 2006 judgment entry, the trial court indicated that appellant's obligation of spousal support would terminate upon the death of either party, or appellee's remarriage or cohabitation. Also, the trial court, at the end of its entry, stated: "ALL UNTIL FURTHER ORDER OF THIS COURT." Thus, the trial court reserved jurisdiction to revisit the issue if a change in circumstances occurs in the future.
 {¶ 21} Appellant's first assignment of error is without merit.
 {¶ 22} In his second assignment of error, appellant contends that the trial court erred in entering its order because it failed to indicate the basis for awarding spousal support in sufficient detail for this court to adequately review the issue. He alleges that the magistrate failed to address the statutory spousal support factors under R.C.3105.18.
 {¶ 23} This court stated in Romano v. Jennison, 11th Dist. No. 2005-L-191, 2006-Ohio-6887, at ¶ 10-13:
 {¶ 24} "[t]he trial court has significant discretion in awarding spousal support in a domestic relations proceeding, provided the award is `"appropriate and reasonable."' Bandish v. Bandish, 11th Dist. No. 2002-G-2489, 2004-Ohio-3544, at ¶ 14, citing Glass v. Glass (Dec. 22, 2000), 11th Dist. No. 99-L-120, 2000 Ohio App. LEXIS 6103, at 6. `While need is a factor to consider, the relevant question is whether the support order under construction is appropriate and reasonable under the circumstances.' Buchal v. Buchal, 11th Dist. No. 2005-L-095,2006-Ohio-3879, fn. 2; Pengov v. Pengov, 11th Dist. No. 2002-G-2485,2003-Ohio-6755, at ¶ 24-25.
 {¶ 25} "* * * *Page 7 
 {¶ 26} "To determine whether spousal support is reasonable and appropriate, the trial court is required to consider the following factors from R.C. 3105.18(C)(1):
 {¶ 27} "`* * * (1) (T)he income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant.'Davis v. Davis (Mar. 31, 2000), 11th Dist. No. 98-P-0122, 2000 Ohio App. LEXIS 1443, at 7. * * *"
 {¶ 28} In the instant matter, again, the trial court retained jurisdiction to review the spousal support upon appellant's retirement, a change of circumstances. Also, the magistrate indicated the basis for the award of spousal support in sufficient detail for this court to adequately review. Specifically, pursuant to R.C. 3105.18(C)(1), the magistrate considered the income of the parties, the relative earning abilities of the parties, the ages of the parties, the retirement benefits of the parties, the duration of the marriage, the reasonable expenses of the parties, and appellant's ability to pay continued support.
 {¶ 29} Appellant makes much of the fact that the magistrate stated there should be no termination of the support, given the "needs" of appellee. This court stated in *Page 8 Treasic v. Treasic (Apr. 19, 2002), 11th Dist. No. 2001-T-0027, 2002 Ohio App. LEXIS 1916, at 6:
 {¶ 30} "`When the legislature removed the term "necessary" from R.C.3105.18 and substituted it with the phrase "appropriate and reasonable," the relevant inquiry became "whether spousal support is appropriate and reasonable (.)" * * * `Certainly, need can (still) be a factor; it could even be the primary factor, but a reviewing court must be shown the basis for that determination.' * * *" (Emphasis sic.)
 {¶ 31} Here, the magistrate applied the requisite R.C. 3105.18(C) factors to the facts, and the trial court properly adopted the magistrate's decision, reducing the spousal support amount to $300 per month. We conclude the trial court's spousal support award was reasonable and appropriate.
 {¶ 32} Appellant's second assignment of error is without merit.
 {¶ 33} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
DIANE V. GRENDELL, J., MARY JANE TRAPP, J., concur.
[1] At the time of the filing of the motion, appellant was seventy years old and appellee was sixty-one years of age.
[2] Appellant filed an App.R. 9(C) statement on May 7, 2007. *Page 1