[Cite as *Brzozowski v. Brzozowski*, 2014-Ohio-4820.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101013**

**ROBERTA BRZOZOWSKI**

PLAINTIFF-APPELLEE

vs.

**JOSEPH BRZOZOWSKI**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-01-283310

**BEFORE:** S. Gallagher, J., Jones, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** October 30, 2014

**ATTORNEY FOR APPELLANT**

John T. Price
9597 Huntington Park Drive
Strongsville, Ohio   44136


**ATTORNEY FOR APPELLEE**

Adam J. Thurman
Schoonover, Rosenthal, Thurman & Daray, L.L.C.
1001 Lakeside Avenue
Suite 1720
Cleveland, Ohio    44114

SEAN C. GALLAGHER, J.:

{¶1} Defendant-appellant Joseph Brzozowski appeals the judgment of the trial court that adopted the magistrate's decision and overruled his objections to that decision, denied his motion to terminate or modify spousal support and ordered the continued payment of spousal support in the amount of $1,200 per month, granted the motion to show cause and motion for attorney fees of plaintiff-appellee Roberta Brzozowski, and found Joseph in civil contempt and ordered the payment of an arrearage in spousal support. For the reasons stated herein, we affirm the decision of the trial court.

{¶2} After over 30 years of marriage, in February 2003, Joseph and Roberta were granted a judgment of legal separation, which incorporated the terms of their written separation agreement. The parties were subsequently divorced in January 2007. The judgment entry of divorce incorporated the terms of the aforementioned separation agreement. Pursuant to the separation agreement, Joseph was to pay Roberta $1,200 per month in spousal support, which was to continue unless modified, until "the death of [Joseph], the death of [Roberta], her remarriage or her entry into a relationship similar to marriage."

{¶3} In December 2011, Joseph filed a motion to terminate or modify spousal support, alleging that he had a significant change in his circumstances and that Roberta had assumed a relationship similar to marriage. Thereafter, Roberta filed a motion to show cause, asserting that Joseph had not paid spousal support as ordered since May 2011 and that a substantial arrearage had accrued. She also filed a motion for attorney fees. The matter eventually proceeded to a hearing before a court magistrate.

{¶4} On July 26, 2013, the magistrate's decision was issued. Upon a thorough review of the evidence presented, the magistrate's decision was to deny Joseph's motion to terminate or

modify spousal support and order the continued payment of spousal support in the amount of $1,200 per month, to grant Roberta's motion to show cause, to find Joseph in civil contempt and an arrearage owing in the amount of $31,506.55, and to grant Roberta's motion for attorney fees in the amount of $9,798.94.

{¶5} Joseph filed objections to the magistrate's decision, as well as supplemental objections along with a transcript. On January 30, 2014, the trial court adopted the magistrate's decision in its entirety, overruled Joseph's objections, and entered its judgment. On February 11, 2014, Joseph filed an untimely request for findings of fact and conclusions of law. Joseph filed a notice of appeal on February 18, 2014.

{¶6} Joseph raises seven assignments of error for our review. Under his first assignment of error, Joseph argues that the trial court failed to conduct an independent review and merely "rubber stamped" the magistrate's decision.

{¶7} Civ.R. 53(D)(4)(d) requires that a trial court, in ruling on timely filed objections to a magistrate's decision, "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." A trial court may not merely "rubber stamp" a magistrate's decision. *Knauer v. Keener*, 143 Ohio App.3d 789, 793, 758 N.E.2d 1234 (2d Dist.2001). A reviewing court will presume that the trial court conducted an independent review of the magistrate's decision unless the appellant affirmatively shows that the trial court failed to conduct an independent analysis. *Rokakis v. W. Res. Leasing Co.*, 8th Dist. Cuyahoga No. 95058, 2011-Ohio-1926, ¶ 18, citing *McCarty v. Hayner*, 4th Dist. Jackson No. 08CA8, 2009-Ohio-4540, ¶ 18. Further, the mere fact that the trial court adopted the magistrate's decision does not show that the court did not exercise its independent judgment. *Id*.

**{¶8}** In the judgment entry, the trial court specifically overruled the objections and supplemental objections to the magistrate's decision and adopted the magistrate's decision in its entirety. The magistrate's decision set forth extensive findings of fact and conclusions of law. Although it would be a better practice for the trial court to more fully discuss and review a party's objections and set forth its reasons for adopting the magistrate's decision, a trial court's failure to do so does not necessarily result in the conclusion that the court merely "rubber stamped" the magistrate's decision. *See Pietrantano v. Pietrantano*, 12th Dist. Warren No. CA2013-01-002, 2013-Ohio-4330, ¶ 23. Joseph has failed to point to any circumstances present in the record to show that the trial court failed to independently review the magistrate's decision. Therefore, we overrule the first assignment of error.

**{¶9}** Under his second assignment of error, Joseph claims that despite his request, the trial court failed to issue findings of fact and conclusions of law pursuant to Civ.R. 52. A review of the record reflects that Joseph did not make a timely request within seven days of the entry of judgment as required under Civ.R. 52. Additionally, Civ.R. 52 instructs that "[a]n opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law stated shall be sufficient to satisfy the requirements of this rule." In this case, the magistrate's decision, which was adopted by the court, provided detailed findings of fact and conclusions of law. These findings, together with other parts of the record, provide an adequate basis upon which this court can decide this appeal. The second assignment of error is overruled.

**{¶10}** Under his third assignment of error, Joseph claims the trial court erred by "essentially treating [his] retirement fund as a means from which to pay ongoing spousal support." We find no merit to this argument.

{¶11} The record reflects that Joseph's 401(k) retirement fund was allocated to him as part of the property division in the divorce. After 37 years of employment at American Greetings, Joseph chose to voluntarily retire in May 2011. However, as the trial court determined, through its adoption of the magistrate's decision, "[s]ufficient evidence was presented to support a finding that [Joseph's] choice to retire from American Greetings was done with the intent of defeating his spousal support obligation." Indeed, the record shows that despite his spousal support obligation, Joseph retired one year before becoming eligible for Social Security benefits and, upon his retirement, he ceased paying spousal support.

{¶12} The trial court considered relevant factors under R.C. 3105.18(C)(1) to determine whether Joseph's spousal support obligations should be modified based on a voluntary decrease in income. The court considered the income of the parties from all sources; the ages and the physical, mental, and emotional conditions of the parties; the retirement benefits of the parties; the duration of the marriage; and the relative assets and liabilities of the parties. The court was permitted to consider "any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C)(1)(n).

{¶13} When considering the income of the parties, the trial court recognized that Roberta's income was limited to a Social Security disability benefit and that she had no other possibility of income because of her status as permanently disabled. The court reviewed Joseph's earnings prior to his voluntary retirement in 2011, recognized that he received a portion of his retirement benefits in 2010 and that he began receiving Social Security benefits in April 2012, and considered that he was presently employed part-time. The court also considered his partner's income. It further recognized that Joseph was not claiming a share of rent on property he inherited with his sister and he was not charging his sister rent while she was living with him.

{¶14} In reviewing the retirement benefits of the parties, the court recognized that Roberta did not have any retirement benefits and that Joseph was allocated his American Greetings 401(k) retirement fund in the divorce, which was valued at approximately $240,000 upon Joseph's retirement in May 2011.

{¶15} When considering the assets and liabilities of the parties, the court found it incredulous that Joseph chose to make a down payment of approximately $180,000 on the purchase of a $230,000 home by effectively liquidating his retirement account, while under a court order to pay monthly spousal support of $1,200. It is important to note that income derived from retirement benefits and distributions are properly included as income for spousal support purposes. *Johns v. Johns*, 9th Dist. Summit No. 24704, 2009-Ohio-5798, ¶ 18; *Meinke v. Meinke*, 6th Dist. Lucas No. L-95-282, 1996 Ohio App. LEXIS 5911 (Dec. 30, 1996). The court recognized that Joseph and his partner also purchased a $45,000 Jeep Grand Cherokee with a $20,000 down payment. Additionally, Joseph had allowed his sister to live rent free in his home and gave her $12,000 with no expectation that he would be repaid. These were permissible factors for the court's consideration in determining whether to modify the spousal support obligation. *See* R.C. 3105.18(C)(1)(n).

{¶16} Our review reflects that the trial court did not err in its consideration of the retirement fund and that the court did not abuse its discretion in finding it was reasonable and appropriate for Joseph to continue to pay spousal support to Roberta in the amount of $1,200 per month. The third assignment of error is overruled.

{¶17} Under his fourth assignment of error, Joseph claims the trial court erred by finding him guilty of contempt for financial misconduct. He claims that there can be no financial sanction for the purported misuse of an asset that was allocated to the spouse in a property

division and the trial court misapplied R.C. 3105.171(E)(4), which is not applicable to the matter. This argument is misplaced.

{¶18} The magistrate's decision, which was adopted by the court, did not even reference R.C. 3105.171, relating to a property division or a distributive award in divorce proceedings, and only used the term "financial misconduct" in the context of analyzing whether Joseph should be found in contempt for his nonpayment of his monthly spousal support obligation. The court referenced Joseph's voluntary retirement, depletion of his retirement account, and frivolous spending decisions because these actions demonstrated a self-created financial situation that was used to avoid paying spousal support. These findings supported the court's determination that there had been a "blatant disregard and non payment of the Court ordered spousal support." Further, the trial court recognized that Joseph's financial decisions and expenditures supported a finding that he "had the financial ability to pay the $1,200.00 monthly spousal support order[.]" The fourth assignment of error is overruled.

{¶19} Under his fifth assignment of error, Joseph clams the trial court erred by finding he was voluntarily underemployed in order to evade his support obligation. He asserts that even the magistrate concluded he was entitled to retire after 37 years of work, yet the court chose to impute an intent to avoid paying spousal support.

{¶20} A trial court has broad discretion in modifying spousal support awards, and "the finding as to whether there has been a change in circumstances which, ultimately, warrants a modification or termination, will not be reversed absent an abuse of discretion." *Mottice v. Mottice*, 118 Ohio App.3d 731, 735, 693 N.E.2d 1179 (9th Dist.1997). The burden of establishing the need for a modification of spousal support rests with the party seeking the

modification. *Tremaine v. Tremaine*, 111 Ohio App.3d 703, 706, 676 N.E.2d 1249 (2d Dist.1996).

{¶21} The magistrate's decision, which was adopted by the trial court, concluded that Joseph's voluntary retirement was a substantial change in his circumstances. However, the court found that Joseph decided to retire despite his ongoing spousal support obligation and a year prior to being eligible for Social Security benefits. The court further recognized that there was no evidence to support Joseph's claim that he anticipated being forced out and, although he claimed to suffer from "cluster" headaches, he did not have health insurance and was not being treated by a physician. Additionally, Joseph called Roberta two months prior to his retirement to inform her that the spousal support payments were going to end on May 15, 2011, the date of his retirement, and he in fact ceased making his spousal support payments. These facts demonstrated that his retirement, at least in part, was done to avoid further payment of spousal support. This determination was within the trial court's discretion.

{¶22} Where a retirement is made with the intent of defeating a spousal support obligation, the retirement is considered "voluntary underemployment," and the party's pre-retirement income may be attributed to him. *Chepp v. Chepp*, 2d Dist. Clark No. 2008 CA 98, 2009-Ohio-6388, ¶ 10. Further, "whether modification [of spousal support] is warranted depends on all the facts and circumstances relevant to the nature and amount of support per R.C. 3105.18(C)." *Tremaine* at 707. The fifth assignment of error is overruled.

{¶23} Under his sixth assignment of error, Joseph claims the trial court erred in finding Roberta was not cohabitating in violation of the terms of the divorce decree. Joseph sought the termination of spousal support upon his claim that Roberta was living in a relationship substantially similar to marriage with James Barker.

{¶24} The determination of whether "cohabitation" exists is a factual question to be initially determined by the trial court. *Moell v. Moell*, 98 Ohio App.3d 748, 752, 649 N.E.2d 880 (6th Dist.1994). In order for a trial court to make a finding of cohabitation the following three elements must be met: (1) actual living together; (2) for a sustained duration; (3) with shared expenses with respect to financing and day-to-day incidental expenses. *Id.*

{¶25} In adopting the magistrate's decision, the trial court found that there was credible evidence demonstrating that Mr. Barker does not help Roberta financially and the two do not share expenses, that Roberta maintains her own residence in Parma, that the two had not had an intimate relationship in over five years, that Roberta spent time at Mr. Barker's home with varying frequency to assist each other with medical health issues, that the two had only taken two trips together, that the two have no plans for marriage and hold themselves out as good friends, and that Joseph and Roberta's daughter's testimony demonstrated a bias toward Roberta.

{¶26} We cannot say the trial court abused its discretion in finding, upon a consideration of the totality of evidence presented, that Joseph failed to demonstrate Roberta had entered a relationship similar to marriage with Mr. Barker. The sixth assignment of error is overruled.

{¶27} Under his seventh assignment of error, Joseph claims the trial court abused its discretion by finding him in contempt without making any factual findings. We find no merit to this argument.

{¶28} A party may be found in civil contempt for the failure to pay court-ordered spousal support pursuant to R.C. 3105.18(G). A trial court's decision on contempt is reviewed under an abuse of discretion standard. *Levy v. Levy*, 8th Dist. Cuyahoga No. 100609, 2014-Ohio-2650, ¶ 38.

**{¶29}** In this case, the trial court adopted the magistrate's decision in its entirety. The decision provided detailed findings of fact regarding the contempt issue. The court found that "[e]ven if [Joseph] believed in good faith that [Roberta] was residing with Mr. Barker in a relationship similar to marriage, [Joseph] was legally obligated to continue to make spousal support payments until further order of the court." The court further found that the evidence, including Joseph's financial expenditures, demonstrated his ability to pay the spousal support. We are unable to find the trial court abused its discretion in finding Joseph in contempt for nonpayment of spousal support. The seventh assignment of error is overruled.

**{¶30}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
TIM McCORMACK, J., CONCUR
.