[Cite as *Coward v. Coward*, 2016-Ohio-670.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JEFFREY R. COWARD | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellant | |
| -vs- | Case No. 15-CA-46 |
| SUSAN E. COWARD | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of Common Pleas, Domestic Relations Division

JUDGMENT:     Affirmed in part; Reversed in part, and Remanded

DATE OF JUDGMENT ENTRY:     February 19, 2016

APPEARANCES:

For Plaintiff-Appellant     For Defendant-Appellee

STEPHEN B. WILSON     JASON C. BLUM
35 South Park Place, Suite 150     52 West Whittier Street
Newark, Ohio 43055     Columbus, Ohio 43206

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Jeffrey R. Coward ("Husband") appeals the May 29, 2015 Judgment Entry-Decree of Divorce entered by the Licking County Court of Common Pleas, Domestic Relations Division, with respect to the spousal and child support awards. Defendant-appellee is Susan E. Coward ("Wife").

STATEMENT OF THE FACTS AND CASE

{¶2} Husband and Wife were married on January 5, 1991. Three children were born as issue of said marriage, one of whom was still a minor during the course of the proceedings. Husband filed a complaint for divorce on March 4, 2014. Wife filed a timely answer and counterclaim for divorce on April 4, 2014. Via Magistrate's Order filed April 24, 2014, the magistrate ordered Husband to pay temporary spousal support in the amount of $2,800.00 per month, and temporary child support in the amount of $465.37 per month. Wife was granted exclusive beneficial use of the marital residence.

{¶3} On November 10, 2014, the parties filed a Settlement Memorandum/Agreed Judgment Entry-Decree of Divorce, which addressed all issues except for spousal and child support. The magistrate ordered the parties to submit their respective memorandum on the issues of spousal and child support by November 21, 2014. Wife filed her memorandum and supporting affidavit on November 19, 2014. Husband filed his memorandum and supporting affidavit on November 21, 2014.

{¶4} Via Judgment Entry-Decree of Divorce filed May 29, 2015, the trial court ordered Husband to pay spousal support in the amount of $2,800.00 per month, until the marital residence sold, then $2,000.00 per month thereafter. The trial court retained jurisdiction over both the amount and duration of spousal support, but did not set a

termination date. The trial court also ordered child support in the amount of $621.56 per month.

**{¶5}** It is from this judgment entry Husband appeals, raising the following assignments of error:

**{¶6}** "I. THE TRIAL COURT ERRED IN FAILING TO SET A DATE CERTAIN FOR THE TERMINATION OF THE AWARD OF SPOUSAL SUPPORT FOR DEFENDANT-APPELLEE.

**{¶7}** "II. THE TRIAL COURT ERRED IN NOT COMPUTING CHILD SUPPORT BASED ON THE CURRENT SPOUSAL SUPPORT AWARD."

I

**{¶8}** In his first assignment of error, Husband contends the trial court erred in failing to set a date certain for the termination of spousal support. We disagree.

**{¶9}** "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities." *Kunkle v. Kunkle* (1990)*,* 51 Ohio St.3d 64, 554 N.E.2d 83, paragraph one of the syllabus.

**{¶10}** In *Hutta v. Hutta,* 5th Dist. Delaware No. 10CAF40031, 2011–Ohio–3041, we noted *Kunkle* does not stand for the proposition permanent spousal support is mandated in marriages of long duration. However, "a marriage of long duration 'in and of itself would permit a trial court to award spousal support of indefinite duration without

abusing its discretion or running afoul of the mandates of *Kunkle*'." *Vanke v. Vanke* (1994), 93 Ohio App.3d 373, 377, 638 N.E.2d 630, quoting *Corpac v. Corpac* (Feb. 27, 1992), 10th Dist. No. 91AP-1036. Generally, marriages lasting over 20 years have been found to be sufficient to justify spousal support of indefinite duration. *Kraft v. Kraft,* 5th Dist. Fairfield No. 08–CA–0039, 2009–Ohio–5444.

{¶11} We find the trial court did not abuse its discretion in awarding indefinite spousal support to Wife. This was a marriage of long duration, 23 years. Throughout the course of the marriage, Wife was a stay-at-home mother. Approximately one year prior to Husband filing for divorce, Wife began working part-time as an eye technician. The position eventually became full-time with Wife earning $13.65 per hour. Wife completed only one year of college prior to the marriage, and is not in a position to dramatically increase her earning capacity.

{¶12} Husband currently works at Hertz, earning an annual base salary of $89,170.00. Husband receives an annual bonus of up to 30% of his base salary. In addition, he receives a car and per diem allowance. Husband has the resources and ability to provide continuing support to Wife. See, *Batten v. Batten,* 5th Dist. Fairfield No. 09–CA–33, 2010–Ohio–1912; *Hutta v. Hutta,* 5th Dist. Delaware No. 10CAF40031, 2011–Ohio–3041. Husband's bonuses in 2012, 2013, and 2014, were $12,458.00, $16,477.00, and $24,450.00, respectively.

{¶13} Moreover, in this case, the potential burden on Husband of a permanent order is ameliorated by the trial court's retention of jurisdiction to review and/or modify the award. *Wharton v. Wharton,* 5th Dist. Fairfield No. 02–CA–83, 2003–Ohio–3857. Husband is not precluded from seeking termination of the support award at a later date.

{¶14} Husband's first assignment of error is overruled.

II

{¶15} In his second assignment of error, Husband asserts the trial court erred in failing to compute his child support obligation based upon his current spousal support obligation. We agree.

{¶16} In *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined the abuse-of-discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶17} R.C. 3119.022 governs the procedure for awarding and calculating child support. The statute's overriding concern is to ensure the best interest of the child for whom support is being awarded. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 110, 616 N.E.2d 218. Thus, the statute's provisions are mandatory in nature and courts must follow the statute literally and technically in all material aspects. *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph two of the syllabus. If a trial court makes the proper calculations on the applicable worksheet, the amount shown is "rebuttably presumed" to be the correct amount of child support due. See *Rock* at 110, 616 N.E.2d 218. See, also, R.C. 3119.03.

{¶18} The trial court completed the child support guideline worksheet and determined the amount of Husband's child support obligation to be $621.56 per month. As discussed supra, the trial court ordered Husband to pay spousal support in the amount

of $2,800.00 per month until the marital residence sold, and $2,000.00 per month thereafter. On the child support guideline worksheet, the trial court utilized a figure of $24,000.00 as Husband's annual spousal support obligation. The trial court apparently arrived at the $24,000.00 figure using the $2,000.00 per month spousal support obligation ($2,000.00 x 12 months = $24,000.00). However, until the marital residence sells,[1] Husband's annual support obligation is $33,600.00 ($2,800.00 x 12 months = $33,600.00).[2] We find the trial court erred in failing to calculate Husband's child support obligation using the amount of spousal support Husband was actually paying, i.e., $33,600.00 annually.[3] Accordingly, we remand the matter for the trial court to recalculate Husband's child support obligation, using the correct figure.

{¶19} Husband's second assignment of error is sustained.

---

[1] The parties advised this Court that as of the date of oral argument (1/21/16), the marital residence had yet to sell.

[2] This also impacts Wife's available income for purposes of calculating child support.

[3] After the marital residence sells thereby reducing Husband's monthly spousal support obligation, Wife can move to modify the child support order.

{¶20} The judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed in part, and reversed in part and remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, P.J.

Delaney, J. and

Baldwin, J. concur