[Cite as *Bahgat v. Kissling*, 2018-Ohio-2317.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Abe Bahgat,                                    :

     Plaintiff-Appellant,               :
                                                              No. 17AP-641
v.                                             :              (C.P.C. No. 14CV-5098)

Mark Kissling et al.,                          :              (REGULARCALENDAR)

     Defendants-Appellees.              :

_____

D E C I S I O N

Rendered on June 14, 2018

_____

**On brief:** *Brunner Quinn, Rick L. Brunner*, and *Patrick M. Quinn*, for appellant. **Argued:** *Patrick M. Quinn.*

**On brief:** *Mularski, Bonham, Dittmer & Phillips, LLC*, and *David M. Kennedy*, for appellee Mahmoud Sami Ayyash. **Argued:** *David M. Kennedy.*

**On brief:** *Albert A. Yannon*, for appellee John D. Adkins. **Argued:** *Albert A. Yannon.*

_____

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiff-appellant, Abe Bahgat, appeals from three decisions and entries of the Franklin County Court of Common Pleas, Civil Division: the October 7, 2015 decision and entry granting the motion for summary judgment filed by defendants-appellees Mahmoud Sami Ayyash and John D. Adkins; the March 30, 2016 decision and entry denying appellant reconsideration of the October 7, 2015 decision; and the August 8, 2017 decision and judgment entry overruling appellant's objections and adopting a magistrate's decision on appellant's claims against another defendant and the counterclaims of appellees against appellant. For the following reasons, we affirm the trial court.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  In 2010, appellant asked his neighbor and close friend Ayyash, a civil engineer with experience in commercial construction management, for a recommendation of a residential roofing contractor to perform work on a multi-family dwelling that he owned.  Ayyash contacted his friend Adkins, a commercial roofing contractor, and Adkins gave Ayyash the business card of Kissling Kontracting, LLC ("Kissling"), a residential roofing contractor.   According to Ayyash, Ayyash provided appellant with Kissling's business card and made no representations to appellant about Kissling's qualifications or the quality of Kissling's work.  Appellant and Kissling entered into a contract for $9,150 for Kissling to perform the roofing work, and Kissling completed the work in March 2011.  At that point, appellant contacted Ayyash to ask whether he should hire an inspector to review Kissling's work.  Ayyash told appellant, based on his experience, an inspector was an unnecessary expense if Kissling provided a warranty.  Appellant did not hire an inspector and paid Kissling for the work.

{¶ 3}  Several years later, appellant claimed that the work performed by Kissling was deficient.  Appellant demanded that Ayyash and Adkins inspect Kissling's work. Ayyash and Adkins agreed to look at the property, but they were unable to fully inspect the work without a ladder.  Ultimately, Kissling did not remedy the work to appellant's satisfaction, and appellant hired another contractor for $12,850 to perform work on the roof that exceeded the scope of work performed by Kissling.

{¶ 4}  On May 12, 2014, appellant initiated a lawsuit against Adkins, Ayyash, Kissling, and Mark Kissling in regard to work performed on the roof and gutters of his residential property.  Against Kissling, appellant raised claims for breach of contract, violations of the Consumer Sales Practices Act ("CSPA"), fraud, and civil conspiracy. Against appellees, appellant raised claims of breach of fiduciary duty and civil conspiracy. Appellees counterclaimed against appellant alleging violations of Civ.R. 11 and frivolous conduct under R.C. 2323.51.

{¶ 5}  On November 25, 2014, after Mark Kissling's deposition was taken, appellees requested appellant dismiss his claims against them, which appellant refused to do. Following appellant's discovery responses in December 2014, appellant again refused appellees' request to dismiss the claims against them.  On June 30, 2015, appellees moved

for summary judgment supported by the affidavits of Ayyash and Adkins. Appellant filed a memorandum in opposition.

{¶ 6} On October 7, 2015, the trial court granted summary judgment in appellees favor. The trial court found "no evidence that there was any agreement whereby * * * Ayyash was to be an agent for [appellant]" and that "[appellant's] own affidavit testimony establishe[d] that he simply asked * * * Ayyash to refer him to a roofing contractor because * * * Ayyash had experience working with construction professionals and was a close friend whose judgment he trusted." (Oct. 7, 2015 Decision on Summ. Jgmt. at 6.) The trial court concluded there were no genuine issues of material fact as to the existence of a fiduciary relationship between the parties. In the alternative, the trial court found that even if an agency relationship existed, there were no genuine issues of material fact as to breach of any duty owed by appellees to appellant. Regarding the civil conspiracy claim, the trial court found no genuine issues of material fact as to the existence of an underlying wrongful act to support the claim.

{¶ 7} Appellant moved for the trial court to reconsider its decision. The trial court denied reconsideration on March 30, 2016, noting it would decide "whether Ayyash is entitled to attorney fees for defending against [appellant's] Motion for Reconsideration when it considers Ayyash's Counterclaim brought under Ohio Civil Rule 11 and Ohio Revised Code Section 2323.51." (Mar. 30, 2016 Denial of Mot. for Recons. at 3.)

{¶ 8} On May 9, 2017, a magistrate of the trial court conducted a non-jury trial on "all remaining claims" in the action, including appellant's claims against Kissling,[1] the counterclaims of Ayyash and Adkins against appellant, and Ayyash's entitlement to attorney fees against appellant for defending against appellant's motion for reconsideration. (June 13, 2017 Mag.'s Decision at 1.) The magistrate acknowledged appellant's claims against Kissling included breach of contract, violations of the CSPA, and fraud, Ayyash's counterclaim against appellant included frivolous conduct under R.C. 2323.51 and Civ.R. 11, and Adkins' counterclaim against appellant included frivolous conduct under R.C. 2323.51.

---

[1] In April 2016, Mark Kissling filed a Chapter 7 bankruptcy petition and his debts were discharged in bankruptcy later that year.

{¶ 9}   Having had the opportunity to observe the appearance of each witness, the magistrate found Ayyash, Adkins, and each of their attorneys to be "very credible" and, therefore, assigned "significant weight" to their testimony, and found appellant was "less credible" and, therefore, assigned less weight to his testimony.   (June 13, 2017 Mag.'s Decision at 2.)   The magistrate's findings of fact included:

> 29.  * * * Mr. Kissling's deposition revealed that there was no evidence of an agency relationship between [appellant] and Mr. Ayyash, and that there was no evidence of an agency relationship between [appellant] and Mr. Adkins. Mr. Kissling's deposition revealed that there was no evidence of a civil conspiracy between/among Mr. Kissling and/or Mr. Ayyash and/or Mr. Adkins to cause harm to [appellant].
>
> * * *
>
> 31.  * * * [Appellant's] discovery responses revealed that there was no evidence of an agency relationship between [appellant] and Mr. Ayyash, and that there was no evidence of an agency relationship between [appellant] and Mr. Adkins. [Appellant's] discovery responses revealed that there was no evidence of a civil conspiracy between/among Mr. Kissling and/or Mr. Ayyash and/or Mr. Adkins to cause harm to [appellant].
>
> * * *
>
> 43.  During the course of this litigation, [appellant] never took the deposition of Mr. Ayyash or Mr. Adkins, and [appellant] never served discovery requests on Mr. Ayyash or Mr. Adkins. The only deposition [appellant] took was the deposition of Mr. Kissling, who testified that he did not have a relationship of any sort with Mr. Ayyash or Mr. Adkins.
>
> 44. At the trial/hearing before the Magistrate, [appellant] asserted, for the first time in this litigation, that the alleged civil conspiracy between/among Mr. Kissling, Mr. Ayyash, and Mr. Adkins was that, in April 2013, Mr. Ayyash and Mr. Adkins became aware of the "wrongdoing" committed by Mr. Kissling against [appellant], but Mr. Ayyash and Mr. Adkins "walked away" without "fixing" Mr. Kissling's wrongdoing.

(June 13, 2017 Mag.'s Decision at 7, 9-10.)

{¶ 10} In its conclusions of law, the magistrate determined the appropriate amount of damages to be awarded to appellant for Kissling's breach of contract is $9,150, rather than the $12,850 it paid to another contractor for work exceeding the scope of Kissling's contract.  Regarding appellees' counterclaims, pursuant to R.C. 2323.51(A)(2)(a)(iii), the magistrate found:

> There is no evidence, and there has never been any evidence, to support [appellant's] claims against Mr. Ayyash and Mr. Adkins for breach of agency and civil conspiracy. [Appellant's] conduct, in commencing and prosecuting this action against Mr. Ayyash and Mr. Adkins, as described in detail in the Findings of Fact above, constituted "frivolous conduct" as defined by R.C. 2323.51(A)(2)(a)(iii).  Mr. Ayyash and Mr. Adkins were adversely affected by [appellant's] frivolous conduct.
>
> * * *
>
> * * * Mr. Ayyash is entitled to recover his reasonable and necessary attorney fees in the amount of $14,017.50 from [appellant], and Mr. Adkins is entitled to recover his reasonable and necessary attorney fees in the amount of $3,300 from [appellant].

(June 13, 2017 Mag.'s Decision at 12-13.)  In a section marked "Decision," the magistrate concluded:

> Upon consideration of the foregoing Findings of Fact and Conclusions of Law, it is the Magistrate's decision that [appellant] is entitled to a judgment in the principal amount of $9,150 against Defendant Kissling Kontracting LLC, plus interest on that amount at the legal rate from the date of judgment.
>
> Upon consideration of the foregoing Findings of Fact and Conclusions of Law, it is the Magistrate's decision that Defendant Mahmoud Sami Ayyash is entitled to a judgment in the principal amount of $14,017.50 against [appellant], plus interest on that amount at the legal rate from the date of judgment.
>
> Upon consideration of the foregoing Findings of Fact and Conclusions of Law, it is the Magistrate's decision that Defendant John Adkins is entitled to a judgment in the

principal amount of $3,300 against [appellant], plus interest
on that amount at the legal rate from the date of judgment.

(June 13, 2017 Mag.'s Decision at 13-14.)

{¶ 11} On June 27, 2017, appellant filed a document entitled "Objection of Magistrate's Decision." Appellant did not delineate specific objections. Appellant contended that Mark Kissling's deposition testimony contradicted finding number 43 of the magistrate's decision, which states "[t]he only deposition [appellant] took was the deposition of Mr. Kissling, who testified that he did not have a relationship of any sort with * * * Ayyash and * * * Adkins." (June 27, 2017 Obj. to Mag.'s Decision at 2.) Appellant additionally took issue with the trial court's credibility findings, contending Ayyash lied under oath regarding only providing contact information to appellant and not contacting Kissling himself or arranging appellant's meeting with Kissling. Appellant additionally states:

> [Appellant] is in the process of requesting preparation of the proceeding transcript. Accordingly, [appellant] reserves the right and request [sic] extension of time to supplement his memorandum in the near future upon receipt of the proceeding transcript.

(June 27, 2017 Obj. to Mag.'s Decision at 2.)

{¶ 12} Ayyash filed a memorandum contra appellant's objection asserting "[t]he magistrate ha[d] committed no error." (July 4, 2017 Memo. Contra at 4.) Specifically, Ayyash contended appellant had not requested the required affidavit of proceeding within three days of filing his objections as required by Loc.R. 99.05 of the Court of Common Pleas of Franklin County, General Division, and appellant's objection was based on a fact—an alleged phone call placed by Ayyash to Kissling—which was both outside of the evidence presented at trial and irrelevant to sustaining the claim. Ayyash characterized appellant's claim as one for "[n]egligent [r]eferral," a cause of action not recognized in Ohio, and argued appellant again was attempting to needlessly prolong litigation. (July 4, 2017 Memo. Contra at 1.)

{¶ 13} On July 12, 2017, appellant filed a reply to Ayyash's memorandum contra. Appellant again pointed to the magistrate's credibility findings and finding of fact number 43, asserting it had "no substance in fact." (July 12, 2017 Reply at 2.) Appellant also states:

"[appellant] is awaiting receipt of the transcript of May 9, 2017 and renew [sic] his request for extension of time to file more fully brief that support [sic] the Objection for Magistrate's decision." (July 12, 2017 Reply at 2.)

{¶ 14} On August 8, 2017, the trial court entered a decision overruling appellant's objections. The trial court noted appellant's objections took issue with the magistrate's finding of fact and credibility determination. According to the trial court, "[t]ranscripts from the May 9th trial/hearing were not filed with the Objections and [appellant] has not requested an extension of time to file the same," therefore, pursuant to Civ.R. 53(D)(3)(b)(iii), "the Court is barred as a matter of law from considering his factual objections." (Aug. 8, 2017 Decision at 2-3.) The trial court then went on to state:

> However, even if [appellant] had filed the transcript, the Court would nevertheless overrule his objections because the Finding of Fact that he complains about does not affect the merits of the Magistrate's Decision. Furthermore, because the Magistrate, as the trier of fact, was in the best position to observe and judge the credibility of the parties and witnesses, the Court gives due deference to the Magistrate's credibility determinations. *See Seasons Coal, Inc. v. Cleveland*, 10 Ohio St. 3d 77, 80 (1984).

(Aug. 8, 2017 Decision at 3.) Thus, the trial court adopted the magistrate's June 13, 2017 decision as its own and found:

- [Appellant] is entitled to a judgment in the principal amount of $9,150.00 against Defendant Kissling Kontracting LLC plus interest on that amount at the legal rate from the date of this entry;

- Defendant Sami Ayyash is entitled to a judgment in the principal amount of $14,017.50 against [appellant], plus interest on that amount at the legal rate from the date of this entry;

- Defendant John Adkins is entitled to a judgment in the principal amount of $3,300.00 against [appellant], plus interest at that amount on the legal rate from the date of this entry.

(Aug. 8, 2017 Decision at 3-4.) The trial court specified "[t]his is a final order as to all parties and claims. There is no just cause for delay." (Aug. 8, 2017 Decision at 4.) Less than two

hours after the trial court's decision, the transcript of the proceeding before the magistrate was filed.

{¶ 15} Appellant filed a timely appeal to this court. On September 29, 2017, appellant filed a motion requesting that this appeal be stayed and the matter remanded to the trial court to allow the court to rule on appellant's CSPA and fraud claims and/or the Civ.R. 11 allegation brought in the counterclaim. We denied this motion on October 16, 2017, stating the "trial court's September 8, 2017 judgment contains Civ.R. 54(B) language indicating that the court intended to enter final judgment as to fewer than all claims." (Oct. 16, 2017 Journal Entry at 1.)

## II. ASSIGNMENTS OF ERROR

{¶ 16} Appellant presents three assignments of error:

> [1.] The trial court erred in denying Appellant's request for an extension of time to file the transcript of the trial.
>
> [2.] The trial court erred as a matter of law in sanctioning Appellant under R.C. 2323.51.
>
> [3.] The trial court erred in failing to adjudicate Appellant's CSPA claim.

## III. DISCUSSION

### A. First Assignment of Error

{¶ 17} Under the first assignment of error, appellant contends the trial court erred when it denied appellant's request for an extension of time to file the transcript of the trial before the magistrate. For the following reasons, we disagree.

{¶ 18} Under Civ.R. 53(D)(3)(b)(i), a party may file written objections to a magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period. Civ.R. 53(D)(3)(b)(iii) describes certain requirements to support an objection to a magistrate's factual finding, stating in pertinent part:

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * * The objecting party

> shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

A party's failure to object to the magistrate's findings of fact or conclusions of law as required by Civ.R. 53(D)(3)(b) forfeits all but plain error review of that issue on appeal. Civ.R. 53(D)(3)(b)(iv).

{¶ 19} Loc.R. 99.05 of the Court of Common Pleas of Franklin County incorporates the requirements of Civ.R. 53 and further specifies:

> The 14-day time limit established by Civ.R. 53 for the filing of objections to the Magistrate's Decision may be extended by the Trial Judge only upon written application supported by an affidavit stating facts indicating a practical impossibility of compliance. If a transcript of the trial or hearing is necessary to support objections to the Magistrate's Order or Decision, the transcript must be filed with the Trial Judge by the moving party within 30 days after the filing of the objections unless the Trial Judge, in writing, extends the time for inability of the reporter to complete the transcript of the testimony.

> The request for a transcript shall be submitted to the proper Court reporter within three days after the filing of the objections.

{¶ 20} "Civ.R. 6(B) governs motions for extension of time, including a motion to extend the time to file a transcript." *Bayview Loan Servicing, L.L.C. v. Likely*, 9th Dist. No. 28466, 2017-Ohio-7693, ¶ 18. Under Civ.R. 6(B), a court "for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." "[M]otions for extensions of time should be freely granted where the need for an extension is occasioned by the official court reporter's delay in preparing the transcript." *Savioli v. Savioli*, 99 Ohio App.3d 69, 72 (8th Dist.1994).

{¶ 21} Without a transcript of the hearing, a trial court is required to accept all the magistrate's findings of fact as true and only review the legal conclusions drawn from those facts. *JPMorgan Chase Bank, N.A. v. Liggins*, 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 14, fn. 1; *Bayview Loan Servicing* at ¶ 12. "The same is true of this court's review on appeal." *Liggins* at ¶ 14, fn. 1; *Bayview Loan Servicing* at ¶ 12 ("Without a transcript, an appellant cannot demonstrate error with respect to factual findings, and thus, the appellate court must presume the regularity of the proceedings and that the facts were correctly interpreted.").

{¶ 22} To appellant, the trial court's decision regarding the transcript constituted an abuse of discretion for two reasons. First, appellant argues the trial court based its denial on the erroneous conclusion that appellant had never requested an extension. Appellant asserts he twice requested (in his objections and in his reply to Ayyash's memorandum contra) that the trial court extend the deadline to file the transcript and allow him to supplement his objections on its receipt. Second, appellant argues the trial court's denial of appellant's request for an extension constituted an abuse of discretion on the merits since Civ.R. 53 itself expressly recognizes preparation of the transcript as good cause warranting extension of the filing deadline, and no rule requires a separate motion requesting an extension.

{¶ 23} Conversely, Ayyash[2] first argues the trial court correctly found that appellant never moved for an extension of time to obtain a transcript to prepare his objections to the magistrate's decision. Next, Ayyash contends, under Civ.R. 53(D)(3)(b)(i) and (iii), appellant should have supplemented his objections to the trial court when the transcript became available, and because appellant failed to do so, appellant cannot show error. Ayyash further argues that appellant fails to point to any prejudicial error arising from the trial court's adoption of the magistrate's decision prior to completion of the transcript to support reversal on this record.

{¶ 24} Here, appellant timely filed objections to the magistrate's decision within the 14 days allotted under Civ.R. 53(D)(3)(b)(i). The stated objections are based on one of the magistrate's findings of fact as well as the magistrate's credibility determination. However,

---

[2] Adkins' appellate brief does not address this assignment of error.

appellant did not file a transcript of the magistrate's proceeding or supporting affidavit within 30 days of filing the objections. After the time the transcript was due, the trial court adopted the magistrate's decision based on the lack of transcript, noting without further comment that appellant had not requested an extension of time to file the transcript. The trial court additionally stated, as alternative grounds to deny the objections, that appellant's objections did not affect the merits of the magistrate's decision and due deference is owed to the magistrate's credibility determination.

{¶ 25} Based on the record of this case, we agree with the trial court that appellant failed to request an extension of time to file the transcript. Appellant states in his June 27, 2017 objections to the magistrate's decision, "[appellant] is in the process of requesting preparation of the proceeding transcript. Accordingly, [appellant] reserves the right and request [sic] extension of time to supplement his memorandum in the near future upon receipt of the proceeding transcript." (June 27, 2017 Obj. to Mag.'s Decision at 2.) In his July 12, 2017 reply, appellant states "[appellant] is awaiting receipt of the transcript of May 9, 2017 and renew [sic] his request for extension of time to file more fully brief that support [sic] the Objection for Magistrate's decision." (July 12, 2017 Reply at 2.) On close review, rather than asking the trial court for an extension of time to file the transcript, both appellant's requests ask the trial court for an extension of time to supplement his objections on receipt of the transcript. Whether appellant properly sought leave of the trial court to supplement his objections under Civ.R. 53(D)(3)(b)(iii) is a related but different legal question from whether he asked for an extension of time to file the transcript.[3] *See, e.g.*, *Bayview Loan Servicing* at ¶ 13-20 (distinguishing, in context of Civ.R. 53(D)(3)(b)(iii), between a motion for extension of time to file transcript and a motion for leave to file supplemental objections); *Ohio EPA v. Lowry*, 10th Dist. No. 10AP-1184, 2011-Ohio-6820, ¶ 15, 18-20 (addressing, as independent point of law, the ability to seek leave to supplement

---

[3] Appellant has not designated the trial court's failure to allow him to supplement his objections as an assignment of error. "This court rules on assignments of error, not mere arguments." *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing App.R. 12(A)(1)(b) (stating "a court of appeals shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs"); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (holding appellate courts "rule[] on assignments of error only, and will not address mere arguments"). Because appellant challenged only the trial court's failure to grant an extension of time to file the transcript in his assignment of error, we consider that question alone.

objections to a magistrate decision after the transcript is timely filed); *Ludlow v. Ludlow*, 11th Dist. No. 2006-G-2686, 2006-Ohio-6864, ¶ 14, 18 (noting although appellant "indicated she had ordered the transcripts and would supplement the same upon receipt thereof * * * this does not relieve appellant of her duty to provide the court with the record or, more appropriately to the underlying case, to request an extension if one is needed").

{¶ 26} In addition to never requesting an extension of time to file the transcript, we note the record is unclear as to when appellant requested the proper court reporter to prepare the transcript, and appellant's July 12, 2017 comment regarding the transcript did not allege or address court reporter delay or assert any other "good cause" for an extension to file a transcript. Civ.R. 53(D)(3)(b)(iii). Furthermore, prior to issuing its decision on the matter, the trial court in this case allowed appellant more than the 30 days required under Civ.R. 53(D)(3)(b)(iii) to obtain and file a transcript of the hearing. Considering all the above, we find the trial court did not err in regard to the transcript, and appellant's assignment of error lacks merit.

{¶ 27} Accordingly, appellant's first assignment of error is overruled.

**B.  Second Assignment of Error**

{¶ 28} Under the second assignment of error, appellant contends the trial court erred as a matter of law in sanctioning appellant under the frivolous conduct statute, R.C. 2323.51(A)(2)(a)(iii). For the following reasons, we disagree.

{¶ 29} Pursuant to R.C. 2323.51(B)(1), a court may award court costs, reasonable attorney fees, and other reasonable expenses to any party to a civil action who is adversely affected by frivolous conduct. "Conduct" includes "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action * * * or the taking of any other action in connection with a civil action." R.C. 2323.51(A)(1)(a).

{¶ 30} In the instant case, the magistrate found appellant's conduct frivolous under R.C. 2323.51(A)(2)(a)(iii), which states: "[t]he conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." As we recently wrote in *Southard Supply, Inc. v. Anthem Contrs., Inc.*, 10th Dist. No. 16AP-545, 2017-Ohio-7298:

> Whether conduct is frivolous under R.C. 2323.51(A)(2)(a)(iii) presents a factual question; namely, whether evidence supports a party's allegations or factual contentions. *Carasalina LLC v. Bennett*, 10th Dist. No. 14AP-74, 2014-Ohio-5665, ¶ 32. An allegation or factual contention needs only minimal evidentiary support in order for a party or its attorney to avoid a frivolous conduct finding under R.C. 2323.51(A)(2)(a)(iii). *Carasalina* at ¶ 36.
>
> Because a finding of frivolous conduct under R.C. 2323.51(A)(2)(a)(iii) results from a factual analysis, appellate courts afford such a finding a degree of deference. *Carasalina* at ¶ 37. Appellate courts will not reverse a determination that conduct is frivolous under R.C. 2323.51(A)(2)(a)(iii) unless the record lacks competent, credible evidence to support the trial court's factual findings. *Carasalina* at ¶ 37; *Groves v. Groves*, 10th Dist. No. 09AP-1107, 2010-Ohio-4515, ¶ 18, *overruled in part on other grounds*, *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203.

*Id.* at ¶ 14-15.

{¶ 31} In support of his assignment of error, appellant first argues, under *Shaver v. Wolske & Blue*, 138 Ohio App.3d 653 (10th Dist.2000), frivolous conduct, pursuant to R.C. 2323.51, must be prosecuted by motion and not by counterclaim. Appellant acknowledges that our later case, *McKibben v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-737, 2015-Ohio-1241, ¶ 20-21, condones bringing claims of frivolous conduct and sanctions by pleading such as a counterclaim. However, appellant essentially argues *McKibben* was wrongly decided and against precedent and contends, despite *McKibben*, the trial court "plainly erred in entering judgment on a non-existent cause of action." (Appellant's Brief at 17.)

{¶ 32} It is undisputed that appellant did not raise the procedural argument concerning *Shaver* and *McKibben* to the magistrate or to the trial court. Generally, "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." (Internal citations omitted.) *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 15. Thus, by failing to raise an issue to the trial court, an appellant forfeits that issue on appeal. *Risner v. Ohio*

*Dept. of Natural Resources*, 144 Ohio St.3d 278, 2015-Ohio-3731, ¶ 26; *Tucker v. Leadership Academy for Math*, 10th Dist. No. 14AP-100, 2014-Ohio-3307, ¶ 20. However, it is within the appellate court's discretion to consider forfeited issues for plain error. *Risner* at ¶ 27. Similarly, as previously stated, except for a claim of plain error, a party may not assign as error on appeal the trial court's adoption of any finding of fact or legal conclusion unless the party has objected to that finding. Civ.R. 53(D)(3)(b)(iv).

{¶ 33} Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *State v. Frazier*, 10th Dist. No. 05AP-1323, 2007-Ohio-11, ¶ 35. "To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings." *Id.* at ¶ 36, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "An appellate court 'must proceed with the utmost caution' in applying the doctrine of plain error in a civil case." *Risner* at ¶ 27, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). "Plain error should be strictly limited 'to the *extremely rare* case involving *exceptional* circumstances when the error, left objected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself.' " (Emphasis sic.) *Risner* at ¶ 27, quoting *Goldfuss* at 122. The burden of demonstrating plain error rests with appellant. *Risner* at ¶ 27.

{¶ 34} Regarding waiver, appellant argues that under Civ.R. 53(D)(4)(c), a trial court reviewing a magistrate's decision is obligated to ensure there is no "error of law or other defect evident on the face of the magistrate's decision," and the lack of a motion constituted such an error of law. However, appellant provides no case law or argument beyond citing to the Civ.R. 53(D)(4)(c) standard, and we note the interplay between waiver under Civ.R. 53(D)(3)(b)(iv) and (D)(4)(c) "evident on the face standard" is not resolved in the civil rules. *See generally* Civ.R. 53(D)(4)(c) notes. We decline to craft an argument on appellant's behalf to support his general contention that he did not waive the procedural argument concerning *Shaver* and *McKibben* despite not bringing it to the attention of either the magistrate or trial court. App.R. 16(A)(7); *State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (stating general rule that an appellant bears the burden of affirmatively demonstrating error on appeal); *State v. Smith*, 9th Dist. No. 15AP0001n, 2017-Ohio-359,¶ 22 (noting that it is not the duty of an appellate court to create an argument on an appellant's behalf). Regardless, in light of this court's stance in *McKibben*,

we find neither obvious error of law warranting plain error review on appeal or an error of law or other defect on the face of the magistrate's decision which could arguably support reversal here. *Risner* at ¶ 27; Civ.R. 53(D)(4).

{¶ 35} Appellant next argues the decision of the trial court to impose sanctions is fundamentally flawed on the merits since he had at least minimal evidentiary support to avoid a frivolous conduct finding under R.C. 2323.51(A)(2)(a)(iii). Appellant specifies any basis for imposing sanction must rest on conduct predating the counterclaims, and he presented a "viable" legal theory in his complaint supported by record facts which could establish a fiduciary duty in respect to Ayyash and Adkins as a subagent. (Appellant's Brief at 25.)

{¶ 36} As stated in *Southard Supply* at ¶ 14-15, a finding of frivolous conduct under R.C. 2323.51(A)(2)(a)(iii) results from a factual analysis from which we typically give some degree of deference to the trier of fact. As previously discussed in the first assignment of error, appellant failed to file a transcript of the hearing within the time parameters of Civ.R. 53(D)(3)(b)(iii). Although a transcript of the magistrate's proceeding is included in the record of appeal, appellate review is limited to the record as it existed at the time the trial court rendered its judgment. *Liggins* at ¶ 13-15.

{¶ 37} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Internal citations omitted.) *Id.* at ¶ 14. We find, without a transcript, we are unable to conduct a complete review of appellant's argument on the merits of the finding of frivolous conduct under R.C. 2323.51(A)(2)(a)(iii). *Id.* at ¶ 12-14; *Southard Supply* at ¶ 14-15.

{¶ 38} Accordingly, appellant's second assignment of error is overruled.

### C. Third Assignment of Error

{¶ 39} Under the third assignment of error, appellant contends the trial court erred in failing to adjudicate appellant's CSPA claim. Appellant specifically contends, outside of noting the claim existed, the magistrate did not make any findings or discuss the CSPA claim, and the trial court adopted the magistrate's decision also without reference to the

CSPA claim. To appellant, this constitutes error. In support of his argument, appellant cites to *King v. Ross Corr. Inst.*, 10th Dist. No 02AP-256, 2002-Ohio-7360, ¶ 27.

{¶ 40} In *King*, the appellant argued the trial court failed to rule on his claims that defendant was negligent in hiring, supervising, and disciplining certain correctional officers and in failing to protect him from their abusive and demeaning treatment, including an alleged assault. We agreed, noting we had previously found the trial court improperly characterized the appellant's entire cause of action as one for civil conspiracy, disposed of the entire case on that action, and did not make any findings or discuss appellant's negligence claims which were clearly set forth in the complaint. As a result, we held the trial court erred in failing to address the negligence claims, and the case must be remanded for that purpose.

{¶ 41} First, the facts of this case set it apart from *King*. The magistrate's decision referenced presiding over a non-jury hearing to address "all remaining claims in this civil action," specifically cited to appellant's CSPA claim, and stated that the magistrate's decision resolved the merits of appellant's complaint against Kissling, as well as appellee's counterclaims, and the issue of attorney fees. (June 13, 2017 Mag.'s Decision at 1.) The magistrate did not endeavor to roll the CSPA claim into any other claim and dispose of the case under that alternative basis.

{¶ 42} Second, the case is procedurally distinct from *King*. The instant case involves a magistrate's decision followed by a trial court's adoption of the magistrate's decision, invoking the procedural requirements of Civ.R. 53. As previously stated in this opinion, pursuant to Civ.R. 53(D)(3)(b)(iv), except for a claim of plain error, a party may not assign as error on appeal the trial court's adoption of any finding of fact or legal conclusion unless the party has objected to that finding. Civ.R. 53(D)(3)(b)(iv). Furthermore, Civ.R. 53(D)(3)(a)(ii) provides an outlet for parties dissatisfied with the specificity of a magistrate's decision to request findings of fact and conclusions of law.[4]

---

[4] Civ.R. 53(D)(3)(a)(ii) reads:

> Findings of fact and conclusions of law. Subject to the terms of the relevant reference, a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law. A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the

{¶ 43} After the magistrate's decision purported to resolve all remaining claims including the CSPA cause of action, appellant did not request findings of fact or conclusions of law pertaining to the CSPA claim pursuant to Civ.R. 53(D)(3)(a)(ii), did not object to the lack of detail regarding the CSPA claim in the magistrate's conclusions of law pursuant to Civ.R. 53(D)(3)(b)(iv), and did not otherwise raise this issue to the trial court.[5]  As such, on the facts of this case, we find appellant effectively forfeited review of this issue, and we decline to apply plain error review on the facts of this case.  *Risner*; *Tucker*; Civ.R. 53(D)(3)(b)(iv).

{¶ 44} Considering all the above, contrary to appellant's argument, *King* is not dispositive on the facts of this case, and appellant has not otherwise demonstrated reversible error on appeal in this regard.  App.R. 16(A)(7); *State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11.

{¶ 45} Accordingly, appellant's third assignment of error is overruled.

## IV.  CONCLUSION

{¶ 46} Having overruled appellant's three assignments of error, we affirm the October 7, 2015, March 30, 2016, and August 8, 2017 decisions of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____

filing of a magistrate's decision.  If a request for findings of fact and conclusions of law is timely made, the magistrate may require any or all of the parties to submit proposed findings of fact and conclusions of law.

[5] We note the appellees in the case likewise did not request findings of fact or conclusions of law or file objections to the magistrate's decision.