[Cite as *Isreal v. Franklin Cty. Commrs.*, 2022-Ohio-1825.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Isreal, | : | |
| Plaintiff-Appellant, | : | No. 21AP-131 |
| | | (C.P.C. No. 20CV-4609) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Franklin County Commissioners et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on May 31, 2022

**On brief:** *Michael Isreal,* pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Bryan B. Lee*, for appellee Franklin County Commissioners.

**On brief:** *Tucker Ellis LLP, Elisabeth C. Arko, Joseph Manno*, and *Riley Shaw*, for appellee Otis Elevator Company. **Argued:** *Elisabeth C. Arko*.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiff-appellant, Michael Isreal, appeals from a judgment of the Franklin County Court of Common Pleas, in favor of defendants-appellees, Franklin County Commissioners and Otis Elevator Company. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 16, 2020, appellant filed a complaint in the Franklin County Court of Common Pleas against appellees, Franklin County Commissioners ("Franklin County") and Otis Elevator Company ("Otis"), alleging product liability and negligence. Appellant claimed that on July 16, 2018, he entered an elevator on the twenty-third floor of a building in Franklin County and the elevator suddenly and unexpectedly dropped eight floors

causing appellant to injure his right arm and back.  On July 21, 2020, appellant filed an amended complaint containing essentially the same allegations, but adding claims for abuse of process, loss of consortium, res ipsa loquitur, and a prayer for punitive damages.

{¶ 3}  On October 23, 2020, Franklin County filed an answer to the amended complaint, with leave of court. Otis filed a motion to dismiss the amended complaint, pursuant to Civ.R. 12(B)(6) and 12(F), on November 16, 2020. The motion sought dismissal of the product liability claim, but not the negligence claim or any of the other claims. Appellant did not oppose the motion to dismiss.

{¶ 4}  The trial court issued a judgment entry granting the motion to dismiss on December 29, 2020.  In the judgment entry, the trial court cited several "deficiencies" in appellant's amended complaint and provided notice to the parties of its intention to dismiss the remaining claim against both Otis and Franklin County, pursuant to Civ.R. 12(B)(6) and *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108-09 (1995).  (Dec. 29, 2020 Entry at 11-12.)[1]  The entry concludes as follows: "Plaintiff shall, within  14  days of the date of this Entry/Order and Notice, file a Second Amended Complaint correcting the defects/inadequacies identified above.  Plaintiff's failure to timely amend his Complaint consistent with this Order will result in the dismissal of this case in its entirety."  (Emphasis omitted.)  (Dec. 29, 2020 Entry at 14.)

{¶ 5}  On January 12, 2021, citing the COVID-19 pandemic, appellant moved the trial court for an extension of time to respond to the December 29, 2020 judgment entry. On January 14, 2021, Otis filed a motion for entry of judgment in its favor due to appellant's failure to comply with the December 29, 2020 judgment entry.  On January 27, 2021, appellant filed a combined memorandum in opposition to Otis's motion for judgment and his own motion for judgment.  On February 9, 2021, Franklin County also filed a motion for entry of judgment in its favor, arguing that more than 42 days had elapsed since the trial court's December 29, 2020 order, but appellant had not filed a second amended complaint.

{¶ 6}  On March 1, 2021, the trial court issued an entry wherein the trial court construed appellant's January 12, 2021 motion as a motion for relief from judgment pursuant to Civ.R. 60(B)(1) and denied the motion.  The trial court also denied appellant's

---

[1] Trial court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), but only if the parties are given notice of the court's intention to dismiss and an opportunity to respond.  *State ex rel. Edwards* at 108.

motion for an extension of time and motion for judgment.  The judgment entry states that it is a final appealable order and includes a finding of  "no just cause for delay." (Mar. 1, 2021 at 7.)

{¶ 7}  On March 9, 2021, appellant filed a motion for reconsideration.  Appellant filed an amended motion for reconsideration on March 10, 2021 and a supplemental motion for reconsideration on March 16, 2021. On March 31, 2021, the trial court issued an entry denying reconsideration.

{¶ 8}  On March 31, 2021, appellant filed a notice of appeal to this court from the March 1, 2021 judgment.

{¶ 9}  On April 30, 2021, appellant filed a motion for an extension of time to file his merit brief for the purpose of securing legal assistance.  On that same date, this court issued an entry granting appellant an extension of time to June 3, 2021 to file his merit brief.  On June 3, 2021, appellant filed his original merit brief in this court.  However, on June 8, 2021, appellant moved this court for leave to file an amended brief.  On June 9, 2021, we issued a journal entry granting appellant leave to June 21, 2021 to file an amended brief.  Appellant filed a pro se "corrected brief" on June 21, 2021.[2]

## II.  ASSIGNMENTS OF ERROR

{¶ 10} Appellant assigns the following as trial court error:

> 1. The trial court should have granted plaintiff Isreal's 60B motion for excusable neglect for not receiving the Re-pleading Claims within 14 days.
>
> 2. Judge Brown did err in dismissing Appellant's complaint for failure to Re-Plead Remaining Claims within 14 days in which Michael Isreal had only (8) days in stead of (14) days to do so in the Covid Epidemic.

(Sic passim.)

## III.  STANDARD OF REVIEW

{¶ 11}  "A trial court's ruling on a motion for relief from judgment, pursuant to Civ.R. 60(B), will not be disturbed on appeal absent a showing of abuse of discretion." *Myers v.*

---

[2]On March 31, 2022, appellant filed a motion for reconsideration of this court's entry striking his February 17, 2022 filing, and on April 1, 2022, appellant filed a motion to supplement his March 31, 2022 motion.  Because appellant's March 31, 2022 and April 1, 2022 motions are not authorized by the Ohio Rules of Appellate Procedure or the Local Rules of the Tenth District Court of Appeals, the motions are hereby stricken.

*Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 21AP-106, 2022-Ohio-1412, ¶ 12, citing *Retirement Mgt. Co. v. Nsong,* 10th Dist. No. 15AP-876, 2017-Ohio-5869, ¶ 15, citing *Griffey v. Rajan,* 33 Ohio St.3d 75, 77 (1987). " 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Myers* at ¶ 12, quoting *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams,* 62 Ohio St.2d 151, 157 (1980). "When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." *Nsong* at ¶ 15, citing *Berk v. Matthews,* 53 Ohio St.3d 161, 169 (1990).

## IV. LEGAL ANALYSIS

### A. Appellant's Assignments of Error

{¶ 12} Appellant's assignments of error are interrelated. Accordingly, we shall consider the assignments of error jointly.

{¶ 13} Appellant's assignments of error challenge the trial court's denial of his Civ.R. 60(B) motion for relief from the March 1, 2021 judgment. Appellant does not challenge the trial court's December 29, 2020 judgment dismissing certain claims against Otis, pursuant to Civ.R. 12(B)(6), and ordering appellant to file an amended complaint correcting deficiencies in his July 21, 2020 amended complaint.

{¶ 14} Otis argues that appellant's assignments of error should be overruled due to appellant's complete failure to comply with the requirements of App.R. 16. We agree.

{¶ 15} "The Rules of Appellate Procedure provide requirements for an appellant filing a brief before an appellate court." *JPMorgan Chase Bank, N.A. v. Cloyes,* 10th Dist. No. 20AP-107, 2021-Ohio-3316, ¶ 10. "In addition to requiring an appellant to include assignments of error in their brief, App.R. 16 imposes several other requirements on an appellant's brief." *Id.* at ¶ 11. For example, App.R. 16(A)(7) requires appellant's merit brief contain the following:

> An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

{¶ 16} "Pursuant to App.R. 16(A)(7), an appellant must present his or her contentions with respect to each assignment of error presented for review and the reasons in support of those contentions, including citations to legal authorities." *Lundeen v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-629, 2013-Ohio-112, ¶ 16. App.R. 12(A)(2) permits this court to disregard an assignment of error if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7). *See, e.g., In re C.C.*, 10th Dist. No. 04AP-883, 2005-Ohio-5163, ¶ 80; *Hall v. Tucker*, 161 Ohio App.3d 245, 263, 2005-Ohio-2674 (4th Dist.); *State v. Martin*, 12th Dist. No. CA99-01-003, 1999 Ohio App. LEXIS 3266 (July 12, 1999); *Meerhoff v. Huntington Mtge. Co.*, 103 Ohio App.3d 164, 169 (3d Dist.1995).

{¶ 17} Here, the assignments of error in appellant's June 21, 2021 merit brief challenge the trial court's March 1, 2021 decision denying his Civ.R. 60(B) motion. Appellant's argument in support of the assignments of error, however, do not advance or support the assignments of error set forth in the June 21, 2021, merit brief. Rather, appellant's arguments in his merit brief pertain to a November 27, 2018 correspondence with a Franklin County Commissioner regarding appellant's "medical bill and treatments," and appellant's December 28, 2018 public information request seeking certain elevator maintenance records in the possession of the Franklin County Commissioners. (June 21, 2021 Pl.'s Corrected Brief.) Appellant's June 21, 2021 merit brief also fails to include citations to the authorities, statutes, and parts of the record on which he relies.

{¶ 18} Appellant's June 21, 2021 merit brief completely fails to comply with the requirement of App.R. 16(7). "[F]ailure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996). When dealing with a pro se litigant, we have stated that they "should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities." *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, ¶ 3. Such litigants are nevertheless "presumed to have knowledge of the law and correct legal procedures so that [they] remain[] subject to the same rules and procedures to which represented litigants are bound." *Id.* This includes App.R. 16(A)(7), which provides that an appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each

assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Though appellant's brief in this court contains a citation to one case, appellant's argument in support of the assignments of error does not develop an argument that applies the cited authority to the facts presented. *See State v. Georgeoff*, 9th Dist. No. 3195-M, 2002 Ohio App. LEXIS 92 (Jan. 16, 2002) (overruling the appellant's assignment of error under App.R. 12(A)(2) and 16(A)(7) because the appellant failed to apply the law to the facts presented).

{¶ 19} This court has consistently held that "[t]he burden of affirmatively demonstrating error on appeal rests with the party asserting error." *Lundeen* at ¶ 16, citing *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 392, 2006-Ohio-943 (10th Dist.), citing App.R. 9; App.R. 16. Accordingly, " '[i]t is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error.' " *Lamb v. Reynoldsburg Civ. Serv. Comm.,* 10th Dist. No. 19AP-864, 2021-Ohio-2322, ¶ 31, quoting *Bond v. Village of Canal Winchester*, 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 16, citing *Whitehall v. Ruckman*, 10th Dist. No. 07AP-445, 2007-Ohio-6780, ¶ 20. "If an argument exists that can support [an] assignment of error, it is not [an appellate] court's duty to root it out." (Additional citations and quotations omitted.) *Lamb* at ¶ 31.

{¶ 20} " '[F]ailure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.' " *Lundeen* at ¶ 16, quoting Kremer at 60. Because appellant has failed to provide this court with a legal argument which would support the conclusion that the trial court abused its discretion in denying his Civ.R. 60(B) motion, we overrule appellant's assignments of error.

## V. CONCLUSION

{¶ 21} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas. Appellant's March 31, 2022 and April 1, 2022 motions are stricken from the record.

*Judgment affirmed;*
*March 31, 2022 motion stricken;*
*April 1, 2022 motion stricken.*

KLATT and NELSON, JJ., concur.

NELSON, J., retired, formerly of the Tenth Appellate District, assigned to active duty under authority of Ohio Constitution, Article IV, Section 6(C).

_____