[Cite as *In re Estate of Fogle*, 2026-Ohio-911.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

In the Matter of the Estate of      :
Helen Louise Fogle,

                         :           No. 25AP-594
                                   (Prob. No. 634651)

[Lesley Fogle,                :

                                  (ACCELERATED CALENDAR)

      Appellant].        :

---

D E C I S I O N

Rendered on March 19, 2026

---

**On brief:** *Lesley Fogle*, pro se.

**On brief:** *Adriann S. McGee*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

LELAND, J.

{¶ 1} Appellant Lesley Fogle ("Lesley") challenges the decision of the Franklin County Court of Common Pleas, Probate Division to overrule her objections and adopt the magistrate's decision appointing appellee Steven Fogle ("Steven") as administrator of the estate of Helen Louise Fogle ("Helen").

## I. Facts and Procedural History

{¶ 2} Helen died intestate on September 11, 2024. She was survived by her siblings, Lesley, Steven, and Katrina. On December 10, 2024, Lesley filed in the probate court an application for authority to administer Helen's estate. On February 5, 2025, the court held a hearing in which both Katrina and Steven objected to Lesley's appointment; Steven also indicated he would be filing his own application for authority to administer Helen's estate. On February 21, 2025, the court appointed Lesley as the special administrator of Helen's estate, tasking her with the collection and preservation of the

estate's assets and debts. On March 7, 2025, Lesley, signing as an agent of FOHO Properties, LLC, made a claim against the estate in the amount of $38,704. On March 25, 2025, Steven filed an application for authority to administer Helen's estate. The court held a hearing on April 2, 2025 to decide on Lesley's and Steven's competing applications.

{¶ 3} On April 7, 2025, the probate court's magistrate rendered a decision appointing Steven as the administrator of Helen's estate. On April 18, 2025, Lesley filed objections to the magistrate's decision. Steven filed a memorandum contra the objections on May 2, 2025. On May 19, 2025, Lesley filed a supplement to her objections to the magistrate's decision. On June 2, 2025, Steven filed a memorandum contra Lesley's supplemented objections. Lesley filed a reply to Steven's memorandum contra on June 11, 2025. On June 18, 2025, the court overruled all objections and adopted the magistrate's decision as its own.

{¶ 4} Lesley timely appealed.

## II. Assignments of Error

{¶ 5} Lesley assigns the following five assignments of error for our review:

> [I.] The trial court erred by failing to control proceedings, rule on valid objections, or weigh work performed on behalf of the estate, violating Appellant's right to procedural fairness.
>
> [II.] [T]he trial court erred by allowing litigation of a properly filed claim out of procedure, violating the procedural due process rights of the appellant and the co-owner of the company.
>
> [III.] The magistrate's analysis of law violated the appellant's substantial right to statutory priority per R.C. 2113.06(C) by omitting a statutory clause, applying a non-legal finding, and ignoring appellant's fiduciary standing.
>
> [IV.] The trial court erred by adopting the magistrate's decision without conducting the independent review required under Civ.R. 53(D)(4)(d).
>
> [V.] The trial court failed to address the appearance of impropriety arising from a prior professional relationship between the magistrate and opposing counsel.

## III.  Discussion

### A.  First Assignment of Error

{¶ 6}   In the first assignment of error, Lesley argues the probate court failed to control the proceedings and thereby violated her right to procedural fairness.  Although the assignment of error also references the court's failure to rule on objections and weigh certain evidence, we decline to address these additional issues because Lesley's brief failed to support them with arguments or citations to the record.  *See* App.R. 12(A)(2); *Isreal v. Franklin Cty. Commrs.*, 2022-Ohio-1825, ¶ 16 (10th Dist.).

{¶ 7}   We review a probate court's decisions appointing an estate administrator and adopting a magistrate's decision for abuse of discretion.  *Estate of Ryan*, 2011-Ohio-3891, ¶ 23 (11th Dist.), citing *In re Estate of Henne*, 66 Ohio St.2d 232 (1981), paragraph one of the syllabus, and *Driggers v. Osdyke*, 1996 Ohio App. LEXIS 5264,  *5 (11th Dist.); *Gasper v. Adkins*, 2018-Ohio-3941, ¶ 10 (10th Dist.).  Similarly, "[t]he admission of evidence is generally within the sound discretion of the trial court, and a reviewing court may reverse only upon the showing of an abuse of that discretion." *Peters v. Ohio State Lottery Comm.*, 63 Ohio St.3d 296, 299 (1992).  A trial court abuses its discretion when it issues an unreasonable, arbitrary, or unconscionable decision.  *Everhart v. Coshocton Cty. Mem. Hosp.*, 2024-Ohio-1671, ¶ 5 (10th Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 8}   Ohio law dictates the procedure for determining who may administer the estate of an intestate.  *See* R.C. 2113.06.  If "the persons entitled to administer the estate" disagree over who should serve as administrator, "the matter shall be set for hearing and notice given to the persons."  R.C. 2113.06(B).  After the hearing, the court "shall commit the administration to some suitable person who is a resident of the state. . . . The person granted administration may be a creditor of the estate."  R.C. 2113.06(C).

{¶ 9}   Here, Lesley takes issue with the subject matter raised by Steven's counsel during the April 2, 2025 hearing.  Specifically, Lesley believes Steven's counsel made "inflammatory remarks" about Helen's condition that distracted from scrutiny of the real issues of the case.  (Appellant's Brief at 7.)  Lesley also argues the topics raised during the hearing "disparage[d]" Helen and "weaponize[d]" the siblings' grief.  (Appellant's Brief at 8-9.)  While we sympathize with the pain caused by discussion of the circumstances

surrounding the death of a family member, the remediation of the home in which Helen died caused Lesley, through her company FOHO Properties, LLC, to file a claim against the estate. In deciding between Lesley and Steven to serve as administrator of the estate, the magistrate reasonably sought to understand the circumstances of a claim for nearly half of the estate's value. Such evidence was relevant because, as this court has stated, "a person must be reasonably disinterested" to be a suitable choice to administer the estate of an intestate. *In re Estate of Young*, 4 Ohio App.2d 315, 322 (10th Dist. 1964). "Where adverse and antagonistic interests conflict with the fiduciary position, the question becomes one of weighing the degrees of conflict under all the surrounding circumstances." *Id*. The magistrate, therefore, properly exercised her duty to understand the scope of Lesley's conflict of interest with Helen's estate.

{¶ 10} Furthermore, the record does not support Lesley's claim that the inclusion of evidence regarding Helen's living conditions was procedurally unfair to her. After Steven's counsel in an opening statement described the conditions of Helen's home, for example, Lesley's counsel did not object. Rather, she asked Lesley on direct examination to detail Helen's living conditions and the circumstances that led to the biohazard clean up. And, after the court stated it would "allow the questions to proceed" regarding Lesley's claim against the estate, Lesley's counsel did not object. (Tr. at 40.) Although Lesley raised this issue in the May 19, 2025 supplement to her objections to the magistrate's decision, we find no abuse of discretion in the court's decision to overrule the objection. The court took no action on Lesley's claim as a result of the April 2, 2025 hearing; instead, it considered evidence about the claim to render an informed decision on the competing applications for authority to administer Helen's estate. The probate court did not abuse its discretion in conducting the April 2, 2025 hearing. Accordingly, we overrule the first assignment of error.

## B. Second Assignment of Error

{¶ 11} In the second assignment of error, Lesley contends the probate court violated the due process rights of Lesley and the co-owner of FOHO Properties, LLC by improperly litigating the company's claim against Helen's estate. The court, however, did not litigate any claims against Helen's estate in the April 2, 2025 hearing. That hearing was limited in scope to the selection of an administrator of Helen's estate pursuant to R.C. 2113.06.

Neither the magistrate's selection of an administrator for Helen's estate nor the court's adoption of that decision impeded Lesley or FOHO Properties, LLC from filing a claim against the estate. As discussed above, the court did not err in hearing evidence of Lesley's claim against the estate—that information provided the magistrate relevant context about the competing applications for authority to administer the estate. The court thus did not litigate any claims against Helen's estate, nor did it violate the due process rights of Lesley or her company's co-owner. Accordingly, we overrule the second assignment of error.

### C. Third Assignment of Error

{¶ 12} In the third assignment of error, Lesley asserts the magistrate misinterpreted and misapplied her right to statutory priority under R.C. 2113.06(C). Lesley claims she has statutory priority over Steven to serve as administrator because she filed her application more than three months before Steven filed his. Ohio law provides that persons applying to administer an estate lose "their right to priority" if, without sufficient cause, "they neglect to apply within a reasonable time." R.C. 2113.06(C). The statute does not define the term "reasonable time," but Lesley posits it must be no longer than six months from the date of the decedent's death because another statute, R.C. 2117.06(B), requires claims on an estate to "be presented within six months after the death of the decedent." R.C. 2117.06(B). In this case, Helen died September 11, 2024. Lesley filed her application for authority to administer Helen's estate December 10, 2024, while Steven filed his March 25, 2025.

{¶ 13} The six-month timeline of R.C. 2117.06(B) applies only to "creditors having claims against an estate." R.C. 2117.06(A). It does not govern the "reasonable time" standard of R.C. 2113.06(C), which instead involves "[a]dministration of the estate of an intestate." R.C. 2113.06(A). And, while it initially appears reasonable to ensure a probate court appoints an administrator before the six-month window closes to file claims, Ohio law already accounts for these potential delays—probate courts may appoint special administrators "to collect and preserve the effects of the deceased and grant the special administrator any other authority that the court considers appropriate." R.C. 2113.15. "The special administrator shall collect the assets and debts of the deceased and preserve them for the executor or administrator who thereafter is appointed." R.C. 2113.15. With a special administrator in place, then, there is no practical necessity to appoint an administrator within six months of the intestate's death, and a probate court retains the discretion to

determine if an application for authority to administer an estate was filed "within a reasonable time." R.C. 2113.06(C).

{¶ 14} In this case, the probate court appointed Lesley as special administrator of Helen's estate on February 21, 2025. On March 7, 2025, Lesley presented the $38,704 claim of FOHO Properties, LLC against the estate, thereby preserving it before the end of the six-month deadline prescribed by R.C. 2117.06(B). The probate court here exercised the discretion granted to it by R.C. 2113.06(C) to determine Steven applied within a reasonable time by filing his application on March 25, 2025. Given the context of this case, we find the court did not err in its interpretation and application of R.C. 2113.06(C) or in its decision to appoint Steven administrator of Helen's estate.

{¶ 15} Separately, Lesley believes it was reversible error for the court to describe Steven as the "most suitable" person to serve as administrator because the actual legal standard is, simply, "some suitable person." R.C. 2113.06(C). We disagree and find no reversible error. When deciding between two suitable persons to serve as an estate administrator, the court clearly has the discretion to select the most suitable of the two. So long as the person is suitable for the role, the court has satisfied the statutory threshold of R.C. 2113.06(C).

{¶ 16} Accordingly, finding no error, we overrule the third assignment of error.

### D. Fourth Assignment of Error

{¶ 17} In the fourth assignment of error, Lesley maintains the probate court erred by adopting the magistrate's decision without conducting an independent review per Civ.R. 53(D)(4)(d).

{¶ 18} " 'Courts, pursuant to Civ.R. 53, have the ultimate authority and responsibility over the magistrate's findings and rulings and must make an independent review of the magistrate's rulings to determine any errors.' " *In re Estate of Zeak*, 2022-Ohio-951, ¶ 32 (10th Dist.), quoting *Kiley v. Davis*, 2003-Ohio-5074, ¶ 6 (8th Dist.). If a party objects to a magistrate's decision, "the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d).

{¶ 19} On review of the court's judgment, we "indulge[] in a presumption of regularity of the proceedings below." *Hartt v. Munobe*, 67 Ohio St.3d 3, 7 (1993). Under

that standard, the appellant bears the burden of "affirmatively demonstrat[ing] that the trial court failed to perform its duty under Civ.R. 53(D)(4)(d) to conduct an independent review." *Ohio Valley Associated Builders & Contrs. v. Rapier Elec., Inc.*, 2014-Ohio-1477, ¶ 28 (12th Dist.); *see Brzozowski v. Brzozowski*, 2014-Ohio-4820, ¶ 7 (8th Dist.) ("A reviewing court will presume that the trial court conducted an independent review of the magistrate's decision unless the appellant affirmatively shows that the trial court failed to conduct an independent analysis.").

{¶ 20} Here, the challenged order claims the court conducted a "thorough and independent review of the case file" and gave "careful consideration of all arguments presented." (July 18, 2025 Order.) The court overruled all objections and adopted the magistrate's decision as its own. Lesley did not affirmatively demonstrate the trial court failed to conduct an independent review under Civ.R. 53(D)(4)(d), and, for that reason, we presume the regularity of the proceedings below. *Hartt.* Accordingly, we overrule the fourth assignment of error.

### E.  Fifth Assignment of Error

{¶ 21} In the fifth assignment of error, Lesley argues the probate court erred by failing to address the appearance of impropriety involving a prior professional relationship between the magistrate and Steven's counsel.

{¶ 22} "The removal of a magistrate is within the discretion of the judge who referred the matter to the magistrate and should be sought by a motion filed with the trial court." *In re Wilson*, 77 Ohio St.3d 1250, 1251 (1996). Even in the absence of a motion to disqualify filed with a trial court, some appellate courts have, in the interest of justice, allowed appellants to raise the matter of disqualification in the form of Civ.R. 53(D)(3)(b) objections to the magistrate's decision. *See In re Memic*, 2006-Ohio-6346, ¶ 68 (11th Dist.); *Reece v. Reece*, 1994 Ohio App. LEXIS 2791, *6 (2d Dist. June 22, 1994) (finding appellant "sought to disqualify the referee . . . in the form of objections" pursuant to Civ.R. 53); *Unger v. Unger*, 2000 Ohio App. LEXIS 6230, *7 (12th Dist. Dec. 29, 2000) ("[W]e construe for purposes of this appeal . . . appellant's objections as a motion for disqualification filed with the trial court.").

{¶ 23} In this case, however, Lesley failed to raise the appearance of impropriety with the probate court. She did not file a motion to disqualify the magistrate, and her

objections to the magistrate's decision did not mention the appearance of impropriety. It is not enough that the matter was discussed in a single paragraph of a memorandum filed with the magistrate. "[B]y failing to raise an issue to the trial court, an appellant forfeits that issue on appeal." *Bahgat v. Kissling*, 2018-Ohio-2317, ¶ 32 (10th Dist.). Furthermore, "except for a claim of plain error, a party may not assign as error on appeal the trial court's adoption of any finding of fact or legal conclusion unless the party has objected to that finding." *Id.*, citing Civ.R. 53(D)(3)(b)(iv). Because "[t]he plain error doctrine originated as a criminal law concept," we must utilize it in the civil context only "with the utmost caution." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). We therefore limit the use of plain error in civil cases to "those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Id.*

{¶ 24} This is not one of "those extremely rare cases." *Id.* Lesley forfeited the issue of the appearance of impropriety by not raising it in any form with the court, and she also failed to seek plain error review on appeal. *See* Civ.R. 53(D)(3)(b)(iv). Accordingly, we overrule the fifth assignment of error.

## IV. Conclusion

{¶ 25} Having overruled all five assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

JAMISON and DINGUS, JJ., concur.

———————————